UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SHAUN KOTLARSKY, <br><br>　　　　Plaintiffs, <br><br>　　　v. <br><br>CONVERGENT OUTSOURCING, INC., <br><br>　　　　Defendant. | **Case No.:** <br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

SHAUN KOTLARSKY ("Plaintiff"), by his attorneys KIMMEL & SILVERMAN, P.C., alleges the following against CONVERGENT OUTSOURCING, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in unlawful debt collection practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants conduct business in the State of Michigan, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Waterford, Michigan 48329.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a debt collection company with headquarters located at 800 South West 39th Street Renton, Washington 98057.

8. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6) and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all times material hereto, Defendant contacted Plaintiffs in an attempt to collect an alleged consumer debt.

11. Beginning in or around February 2015 and continuing through March 2015 Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect an alleged debt,.

12. Defendant's collectors called Plaintiff from telephone numbers including, but not limited to, (877) 495-0400. The undersigned has confirmed that this number belongs to Defendant.

13. The debt that Defendant was trying to collect was seventeen (17) years old.

14. Plaintiff told Defendant that the statute of limitations on the debt had expired and Plaintiff told Defendant to stop calling him, but Defendant continued to call Plaintiff.

15. Despite this request, Defendant continued to call.

16. Once Defendant was aware that its calls were unwanted, any continued calls could only have been for the purpose of harassment.

17. Defendant also called Plaintiff's mother and disclosed to her that they were attempt to collect on a credit card debt.

18. Defendant's actions as described herein were made with the intent to harass, abuse and coerce payment from Plaintiff for a debt he does not owe.

## COUNT I
## DEFENDANTS VIOLATED § 1692b(2) OF THE FDCPA

19. A debt collector violates § 1692b(2) when in communicating with any person other that the consumer for the purpose of acquiring location information about the consumer, it states that such consumer owes any debt.

20. Defendant violated § 1692b(2) when it called Plaintiff's mother and disclosed that they were trying to collect a credit card debt from him.

## COUNT II
## DEFENDANTS VIOLATED § 1692c(b) OF THE FDCPA

21. A debt collector violates § 1692c(b) when without the prior consent of the consumer given directly to the debt collector it communicates with any person other than the consumer in connection with the collection a debt.

22. Defendant violated § 1692c(b) when it communicated with Plaintiff's mother in connection with the collection of the alleged debt.

## COUNT III
## **DEFENDANTS VIOLATED §§ 1692d OF THE FDCPA**

23. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

24. Defendant violated § 1692d when it placed repeated and continuous harassing telephone calls to Plaintiff and when it continued calling Plaintiff's cellular phone after knowing its calls were unwanted.

## COUNT IV
## **DEFENDANTS VIOLATED §§ 1692d(5) OF THE FDCPA**

25. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

26. Defendant violated § 1692d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff.

## COUNT V
## **DEFENDANTS VIOLATED §§ 1692e OF THE FDCPA**

27. A debt collector violates § 1692e when it uses false, deceptive, or misleading representations or means in the connection with the collection of any debt.

28. Defendant violated § 1692e when it tried to collect a debt from Plaintiff for which the statute of limitations had expired and upon which Defendant had no right to collect.

## COUNT VI
## **DEFENDANTS VIOLATED §§ 1692e(2)(A) OF THE FDCPA**

29. A debt collector violates § 1692e(2)(A) when in connection with the collection of a debt it falsely represents the character, amount or legal status of any debt.

30. Defendant violated § 1692e(2)(A) when it falsely represented to Plaintiff that it could collect on a debt for which the statute of limitations had expired.

## COUNT VII
## **DEFENDANTS VIOLATED §§ 1692f OF THE FDCPA**

31. A debt collector violates § by using unfair or unconscionable means to collect or attempt to collect any debt.

32. Defendant violated § 1692f when it continued to call Plaintiff after Plaintiff had informed them that the statute of limitations had expired and that its calls were unwanted, and generally when it used unfair and unconscionable means to collect the alleged debt.

WHEREFORE, Plaintiff, SHAUN KOTLARSKY, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

      PLEASE TAKE NOTICE that Plaintiff, SHAUN KOTLARSKY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

DATED: May 29, 2015

By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg, Esquire
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com